18226

F. P. KING, Appellant, v. Grover NOE, Sheriff of York County, Respondent

(137 S. E. (2d) 102)

*Carl W. Howard, Esq.,* of Rock Hill, *for Appellant,*

*Messrs. Daniel R. McLeod, Attorney General,* and *Edward B. Latimer, Assistant Attorney General,* of Columbia, *for Respondent,*

June 11, 1964.

TAYLOR, Chief Justice.

This is an appeal from the Order of the Honorable George T. Gregory, Jr., dated October 19, 1963, denying Appellant's petition for a writ of *habeas corpus.*

The Governor of South Carolina, the Honorable Donald Russell, received from the Governor of North Carolina, the Honorable Terry Sanford, a requisition for the Appellant, who was wanted on the charge of issuing a worthless check. On September 26, 1963, as a result of a hearing in the office of the Attorney General of South Carolina in the matter of the extradition of Appellant to the State of North Carolina, Appellant was ordered to be extradited to North Carolina.

On October 2, 1963, a petition for writ of *habeas corpus,* addressed to Judge Gregory was filed by Appellant. An Order to show cause was signed by Judge Gregory, on October 2, 1963, ordering Respondent to show cause why a writ of *habeas corpus* should not be issued.

As a result of a hearing before Judge Gregory, October 12, 1963, Appellant was ordered to be extradited to the State of North Carolina and this appeal followed.

Appellant in his petition alleged that he was not in the State of North Carolina on August 2, 1963, nor did he at any other time issue a worthless check within the State of North Carolina, and not having been in the State of North Carolina at the time of the alleged offense, cannot be a fugitive from that State.

"* * * under *habeas corpus* proceedings the courts may inquire whether the prisoner really falls under the conditions of the federal statute, that is, whether he is subject to extradition. For example, they may ascertain whether the prisoner is the person charged, whether he is a fugitive from justice, whether the papers show that he was in the demanding state at the time the offense was committed, and whether the act charged was a crime against the laws of the demanding state; * * *" *Ex Parte Massee,* 95 S. C. 315, 79 S. E. 97, 46 L. R. A., N. S., 781.

"Under the provisions of the federal Constitution and statutes enacted in aid thereof, it is essential that the person whose return is sought be a fugitive from justice, and in the absence of a statute requiring him to do so, a governor may not surrender one who is charged with crime in, but is not an actual fugitive from, another state. * * * a 'fugitive from justice' may be defined as a person who, having committed or been charged with a crime in one state, has left its jurisdiction and is found within the territory of another when it is sought to subject him to the criminal process of the former state. To constitute one a fugitive from justice from a given state, it is essential to show that at the time

of the commission of the alleged crime in the demanding state he was bodily present, or incurred guilt, therein and that he left it and is within the jurisdiction of the state from which his return is demanded, and that he refuses to return voluntarily to the former state.

"Actual and corporeal former presence in the demanding state is essential; if a person was only 'constructively' in a state, committing a crime against it while not personally within its borders, he has not fled from it and is not a fugitive from justice." 35 C. J. S., Extradition, § 10a and b (1), pp. 390-392.

The testimony at the hearing before Judge Gregory was contradictory as to whether or not Appellant was in North Carolina on the day of the alleged crime. Appellant denied being in North Carolina on August 2, 1963, and he was supported by the affidavit of Jerome D. Jones, who said, "to the best of his knowledge and belief, F. P. King was not in the State of North Carolina on or about the 2nd day of August, 1963." James White, the prosecuting witness, testified that he saw Appellant at the Shelby Auto Auction on August 2, 1963, and on that date Shelby Auto Auction received two checks signed by F. P. King; however, he could not say that F. P. King was the person who actually gave the said checks to an employee of the Shelby Auto Auction.

"* * * In view of the settled meaning of the term 'fugitive from justice,' as a general rule the only inquiry permissible on this issue is whether or not accused was physically present within the demanding state at the time the crime charged is alleged to have been committed * * *. To be sufficient to require a discharge on the ground that accused is not a fugitive from justice, the evidence must establish that fact clearly and satisfactorily, and, according to some authorities, as expressed in the decisions of the courts, conclusively. The court will not discharge a defendant arrested under an extradition warrant where there is merely contradictory evidence on the subject of presence in, or

absence from, the state, as *habeas corpus* is not the proper proceeding to try the question of alibi, or any question as to the guilt or innocence of accused. * * *" 39 C. J. S., Habeas Corpus, Section 39(2) (d), pp. 555, 556 and 557, 558.

There is a conflict in the testimony as to whether Appellant was physically present in the demanding State on the date in question which has been resolved adversely to Appellant by the Circuit Judge, who found as a matter of fact that Appellant was present in North Carolina at the auction on August 2, 1963.

For the foregoing reasons, we are of opinion that the Order appealed from should be affirmed; and it is so ordered. Affirmed.

Moss, Lewis, Bussey and Brailsford, JJ., concur.